IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VICTOR M. CASILLAS, | § § § | |
| *Plaintiff,* | § § | SA-22-CV-00959-JKP |
| vs. | § § § | |
| DENNIS R. MCDONOUGH, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS; | § § § § § | |
| *Defendant.* | § § | |

# ORDER

Before the Court in the above-styled cause of action is Plaintiff's Second Motion for Reconsideration Request of Appointment of Counsel and Request Time Extension to Respond to Defendant Motion to Dismiss Plaintiff's Claim [#17]. By his motion, Plaintiff again asks the Court to appoint him counsel and to allow him additional time to respond to Defendant's motion to dismiss. The Court will deny the motion for appointment of counsel but grant the request for more time to respond to the pending dispositive motion.

Defendant's motion to dismiss, which is pending before the District Court, argues that Plaintiff's case must be dismissed for failure to timely exhaust his administrative remedies. Any response in opposition to the motion was due on or before May 26, 2023. *See* W.D. Tex. Loc. R. CV-7(d). Plaintiff timely filed his motion for an extension of time to respond, and the Court will allow Plaintiff an additional 14 days to file a response.

The Court will not, however, appoint counsel at this time. Defendant's motion to dismiss argues that Plaintiff's claims were not timely exhausted prior to filing suit, as well as arguing that Plaintiff fails to identify an adverse employment action on the basis of his age or disability.

1

As explained in the Court's prior two orders denying Plaintiff the appointment of counsel, this Court has discretion to appoint counsel in a civil case, but there is no right to the appointment of counsel. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Under governing law, appointment of counsel in a civil case should be allowed only in exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86.

At this juncture, Defendant has raised several threshold issues regarding the plausibility of Plaintiff's claims. The District Court is able to resolve these issues based on a review of the pleadings and those documents referenced to the pleadings, such as the EEO administrative filings attached to Defendant's motion to dismiss. Plaintiff may respond to the motion to dismiss by explaining why he believes he timely filed his administrative complaint with the EEO and has a right to proceed in federal court. Plaintiff may also respond to the motion to dismiss by explaining why he believes his termination of employment or any other adverse employment action was a result of age or disability discrimination. If Plaintiff's claims survive Defendant's motion to dismiss, he may renew his request for counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion for Reconsideration Request of Appointment of Counsel and Request Time Extension to Respond to Defendant Motion to Dismiss Plaintiff's Claim [#17] is **GRANTED IN PART**. Plaintiff may file a response to Defendant's motion to dismiss on or before **June 16, 2023**. In all other respects, the motion is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 2nd day of June, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE