IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VICTOR M. CASILLAS, | § § § | |
| *Plaintiff,* | § § | SA-22-CV-00959-JKP |
| vs. | § § § | |
| DENNIS R. MCDONOUGH, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS; | § § § § § | |
| *Defendant.* | § § | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff's "Submission" [#27], which asks the Court for the appointment of counsel and for an extension of time to respond to the pending motion to dismiss until a decision is made on the request for an attorney, i.e., a stay of the response deadline. Defendant has filed a response in opposition to the motion [#28], indicating opposition to the appointment of an attorney but agreeing to a 14-day extension of the response deadline.

This is Plaintiff's third request for the appointment of an attorney. The Court has already twice denied the appointment of counsel and denied Plaintiff's request to reconsider its denial of appointment of counsel. The Court declines to exercise its discretion to appoint counsel at this juncture of the case for the reasons explained in the Court's previous orders [#9, #13, #18]. The Court will, however, allow Plaintiff additional time to respond to the motion. Plaintiff's current response deadline is September 11, 2023. *See* W.D. Tex. Loc. R. CV-7(D)(2). The Court will give Plaintiff until September 25, 2023, to respond to the motion. The Court reminds Plaintiff that this Court will construe Plaintiff's pleadings and response liberally in light of his *pro se*

1

status and does not expect Plaintiff to present arguments regarding his claims in the form expected of an attorney. Plaintiff should simply state his position on the various issues raised in Defendant's motion: (1) whether Plaintiff timely exhausted his claims before the EEOC prior to filing this case; (2) why Plaintiff believes he has stated Title VII and ADA claims; and (3) why the MSPB's decision was not supported by evidence and should be vacated.

Finally, Defendant has informed the Court that a non-attorney has been attempting to communicate with counsel for Defendant on behalf of Plaintiff. Plaintiff should be aware that parties in federal court litigation are only permitted to be represented by attorneys who have been admitted to practice in the Western District of Texas. Non-attorneys may never represent parties in federal court. Of course, Plaintiff is permitted to represent himself. Moving forward, Plaintiff should communicate with counsel for Defendant directly.

Thus, in accordance with the foregoing:

**IT IS HEREBY ORDERED** that Plaintiff's Motion [#27] is **GRANTED IN PART** as to the request for an extension of the response deadline. In all other respects, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's deadline to respond to the motion to dismiss is due on or before **September 25, 2023**.

SIGNED this 11th day of September, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE