UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION


**VICTOR M. CASILLAS,**

   *Plaintiff*,

v.                                                           Case No.  **SA-22-CV-00959-JKP**

**DENNIS R. MCDONOUGH,**
**SECRETARY, DEPARTMENT OF**
**VETERANS AFFAIRS;**

   *Defendant*.


## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Dennis R. McDonough, Secretary, Department of Veterans Affairs (hereinafter "the Government"). *See* ECF No. 26. Plaintiff Victor Casillas, who appears *pro se*, filed a response, the Government filed a reply to the response, and Casillas filed a sur-reply. *See* ECF Nos. 30, 31, 32. After due consideration of the motion, the parties' briefings, and the applicable law, the Court finds dismissal is proper because Casillas failed to exhaust administrative remedies and failed to state a viable claim. The Court further finds the Merit Systems Protection Board (MSPB) decision upholding Casillas' termination should be affirmed. The Court, therefore, **GRANTS** the Government's motion, **AFFIRMS** the MSPB decision, and **DISMISSES** this case. This case is consolidated with the related case *Casillas v. Department of Veterans Affairs*, SA-23-CV-00653-JKP, which the Court also **DISMISSES** for the reasons discussed herein.

## BACKGROUND

This is an employment discrimination action brought by *pro se* Plaintiff Victor Casillas against his former employer, the Department of Veterans Affairs. Casillas was employed as a Nursing Assistant at the VA's South Texas Veterans Health Care System from 2010 through October 15, 2021, when he was terminated for using his cell phone at work while assigned to maintain line-of-sight observation of two patients, one of whom attempted suicide during Casillas' shift. *See* ECF No. 26-1 at 15–18. Casillas asserts claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), the Rehabilitation Act, and the Age Discrimination in Employment Act (ADEA). *See* ECF No. 24. Casillas additionally seeks judicial review of the Merit Systems Protection Board (MSPB) order upholding his dismissal from federal employment. *See* ECF No. 26-1.

According to the administrative record, Casillas initiated contact with an Equal Employment Opportunity (EEO) Counselor to allege discrimination claims on September 13, 2021; that initial counseling was closed on December 9, 2021, and Casillas filed a formal complaint of discrimination on January 3, 2022.[1] *See* ECF No. 26-2. Casillas initiated that proceeding by filing a Petition for Review in the United States Court of Appeals for the Federal Circuit, which subsequently transferred the action to this Court, where it has been consolidated into this case. *See* ECF No. 21. Through the EEO administrative process and in his Complaint in this Court, Casillas alleges a coworker commented on his age and suggested he should retire; unspecified others "laugh[ed] [and] punished" him in connection with a disability affecting his hands; and the same coworker who had commented on his age threw away medical reports that

---

[1] At the Motion to Dismiss stage, the Court may consider the Complaint, documents attached to the Complaint, and documents attached to the Motion to Dismiss that are central to Plaintiff's claims and referenced in the Complaint, such as the EEO administrative materials. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

he intended to submit to the Department of Labor's Office of Workers' Compensation Programs. *See* ECF No. 24.

Casillas' Complaint says he filed charges against the Government before the EEOC on February 7, 2022, and the EEOC issued him a Notice of Right to Sue on April 27, 2022. *See* ECF No. 5 at 2. However, the EEOC Dismissal of Appeal that Casillas filed with his Complaint says February 7, 2022 was the date of the Final Agency Decision (FAD) denying his EEO Complaint on untimeliness grounds, and that his appeal from that FAD was untimely filed on April 27, 2022. *See* ECF No. 5 at 5–8; ECF No. 26-6 (FAD); ECF No. 26-7 (Appeal to EEOC). According to the EEOC Order attached to Casillas' Complaint, his appeal was therefore dismissed as untimely pursuant to 29 C.F.R. § 1614.403(c). *See* ECF No. 5 at 6. Casillas initiated this litigation less than 90 days after the EEOC's dismissal of his appeal. *See* ECF No. 5.

In addition to initiating an EEO Complaint, an EEOC Appeal, and this litigation, Casillas also appealed the VA's termination of his employment before the MSPB. Casillas' MSPB appeal raised non-discrimination claims, although he attempted to assert discrimination claims before the MSPB for the first time during his closing argument and in his Petition for Review of the MSPB decision before the Federal Circuit. *See* ECF No. 26-1 at 2 n.12 and 3. As a result, the Federal Circuit transferred Casillas' case to this Court, which has exclusive jurisdiction over "mixed cases" in which a federal employee challenges a personnel action under both the Civil Service Reform Act and under federal antidiscrimination laws. *See generally Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1980 (2017); *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012). The Court consolidated the Petition for Review of the MSPB decision transferred from the Federal Circuit into this proceeding, in which Casillas had separately asserted his federal discrimination claims. *See* ECF No. 21. During a hearing before U.S. Magistrate Judge Elizabeth S. Chestney, to whom

this matter is referred for pretrial management, Judge Chestney directed Casillas to file an amended pleading setting forth the bases of all claims that he asserts in the consolidated proceeding, to include his bases for challenging the MSPB's Order. *See* ECF No. 25. Casillas filed a supplemental pleading, which Judge Chestney accepted given his *pro se* status. *Id.* Pursuant to Judge Chestney's order, the live pleadings are Plaintiff's Complaint (ECF No. 5) and Plaintiff's Amended Complaint (ECF No. 24) filed in Cause Number SA-22-CV-00959-JKP, as well as any claims raised in Cause Number SA-23-CV-00653-JKP.

The Government now brings the instant Motion to Dismiss, arguing Casillas' discrimination claims are subject to dismissal for two reasons: (1) Casillas failed to timely file his formal complaint of discrimination and failed to timely appeal the February 2022 Final Agency Decision to the EEOC, and therefore has failed to exhaust administrative remedies; and (2) the facts Casillas alleges are not sufficient to plausibly show a violation of Title VII, the ADA, the Rehabilitation Act, or the ADEA. In his Amended Complaint, Casillas adds additional facts in support of his Title VII claims, alleging additional incidents of a hostile work environment, disability discrimination, and retaliation. *See* ECF No. 24. The Government argues these claims are subject to dismissal because they are unexhausted, time-barred, and insufficient to state a viable claim under Rule 12(b)(6). Finally, the Government argues the MSPB's decision should be affirmed because Casillas failed to carry his burden to show that it was clearly arbitrary and capricious, unsupported by substantial evidence, or otherwise not in accordance with law. For the reasons discussed herein, the Court agrees with the Government's position.

## LEGAL STANDARD

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of

action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a motion to dismiss under Federal Rule 12(b)(6), the court's review is limited to the live Complaint and any documents attached to it. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id*. When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in

the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording ample opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena*, 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt*, 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or if amendment would be futile. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## ANALYSIS

The Government argues Casillas' claims are subject to dismissal for two reasons: (1) Casillas' claims are unexhausted because he (a) failed to timely file his formal complaint of discrimination, (b) failed to timely appeal the February 7, 2022 Final Agency Decision to the EEOC, and (c) failed to exhaust claims alleged for the first time in this action; and, in the alternative, (2) Casillas' discrimination claims should be dismissed under Rule 12(b)(6) because he failed to allege facts showing the two "ultimate elements" required to advance an age or disability discrimination claim beyond the pleading stage and into discovery.

The Government further argues the Court should affirm the MSPB decision upholding the VA's decision to fire Casillas because Casillas failed to carry his burden to show that the MSPB decision was clearly arbitrary and capricious, unsupported by substantial evidence, or

otherwise not in accordance with law. The Court considers each of these arguments, in turn, below.

## I.        Timeliness and Exhaustion

The Government argues Casillas' claims should be dismissed because he failed to timely exhaust his administrative remedies. Indeed, federal anti-discrimination laws require plaintiffs to exhaust administrative remedies before bringing suit in federal court. *See Pacheo v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006) (Title VII); *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017) (Rehabilitation Act); *Estrada v. Donahoe*, No. EP-14-CV-254-PRM, 2014 WL 10178980, at *3 (ADEA).[2] Federal anti-discrimination statutes "confer[] the right to file a civil action in federal court only when a party has been 'aggrieved by the final disposition of [his administrative] complaint, or by the failure to take final action on [his] complaint.'" *Bush v. Engleman*, 266 F. Supp. 2d 97, 101 (D.D.C. 2003) (quoting 42 U.S.C. §2000e-16(c)); *Randel v. U.S. Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998). A plaintiff who fails to complete the administrative process "fails to satisfy the exhaustion requirement"—a failure that "precludes judicial review of those claims." *Bush*, 266 F. Supp. 2d at 101 (quoting *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995)).

The Government asserts Casillas failed to exhaust remedies by missing two deadlines. Casillas' response to the Government's motion to dismiss suggests he was under the impression that his untimely filings were excused because he was granted an extension. The Court provides the following timeline to assist its analysis:

---

[2] Casillas asserts claims under the ADA and the Rehabilitation Act; however, the VA, as an agency of the federal government, cannot be sued under the ADA. *See Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). The Court, therefore, limits its analysis to the Rehabilitation Act, which is "the exclusive remedy for a federal employee alleging disability-based discrimination." *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008); *Delano-Pyle v. Victoria Cnty., Tex.*, 302 F.3d 567, 574 (5th Cir. 2002).

- **September 13, 2021** – Casillas initiated contact with an EEO counselor to allege discrimination claims. *See* Exh. B to ECF No. 26 (Initial Counseling Form and Interview Sheet).
- **December 9, 2021** – Casillas' initial counseling was closed and he was notified of his right to file a discrimination complaint. *See* Exh. C-1 to ECF No. 26 (Informal Counseling Closing Letter, Notice of Right to File Discrimination Complaint).
- **January 3, 2022** – Casillas filed a formal complaint of discrimination with the EEO. *See* Exh. D to ECF No. 26 (Formal EEO Complaint).
- **February 7, 2022** – Casillas receives Final Agency Decision (FAD) denying his EEO complaint as untimely. *See* Exh. E-1 to ECF No. 26 (FAD).
- **April 27, 2022** – Casillas files appeal of FAD. *See* Exh. F to ECF No. 26 (EEO appeal).
- **August 17, 2022** – Casillas' appeal was dismissed as untimely. *See* ECF No. 5 at 5.

This timeline reflects two deadlines Casillas missed. First, the December 9, 2021 closing letter notified Casillas he had 15 days to file an EEO complaint. Casillas missed this deadline when, 25 days later, on January 3, 2022, he filed his EEO complaint. Casillas offers no reason why he missed the deadline, and indeed his EEO complaint was dismissed as untimely. The FAD notified Casillas of his right to appeal within 30 days. Here again, Casillas missed the deadline when he filed his appeal 70 days later, on April 27, 2022. This too was dismissed as untimely. Casillas explains he was under the impression that his appeal was not untimely because he requested and was granted an extension for COVID reasons. *See* ECF No. 30 at 3. However, as the Government correctly notes, Casillas confuses the extension he was granted to file a statement or brief in support of his appeal with the deadline to file the appeal itself, for which he was not granted an extension. *See* Exh. G to ECF No. 31 (VA Letter Regarding Deadline Extension). The Court finds the facts support the Government's position that Casillas failed to timely file both his EEO complaint and his FAD appeal and, therefore, Casillas failed to exhaust administrative remedies as a matter of law. Exhaustion of administrative remedies "requires strict adherence to filing deadlines: a plaintiff who fails to comply, to the letter, with administrative deadlines ordinarily will be denied a judicial audience." *Norris v. Salazar*, 885 F.

Supp. 2d 402, 417 (D.D.C. 2012), aff'd, No. 12-5288, 2013 WL 1733645 (D.C. Cir. Apr. 10, 2013) (internal quotation marks omitted).

In his amended complaint, Casillas adds factual allegations regarding three "new incidents" that he attempts to raise for the first time in federal court. Casillas cites 29 C.F.R. § 1614.106(d) as authority for amending his complaint at this juncture; however, his understanding of the regulations is mistaken. Section 1614.106(d) permits amendment of EEO complaints that are pending before the EEOC, not complaints filed in federal court. To be sure, federal courts will allow a plaintiff to include allegations "like or related to allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the [EEOC]." *See Cf. Stingley v. Watson Quality Ford, Jackson, MS*, 836 F. App'x 286, 291 (5th Cir. 2020). However, where, as here, the plaintiff has no viable allegations from the EEOC charge because he failed to timely file his EEO complaint, he has no allegations from which new allegations can grow. The Court, therefore, finds that because Casillas' "new" allegations were not presented in his EEOC proceedings, they are unexhausted as a matter of law.

## II.     Failure to State a Claim

Casillas' failure to exhaust administrative remedies is sufficient grounds for dismissal; however, even if Casillas had exhausted administrative remedies, the Government is correct that his complaint should be dismissed under Rule 12(b)(6) because he failed to allege a viable discrimination claim. Specifically, the Government argues Casillas' alleged facts do not plausibly show the two "ultimate elements" of a discrimination claim. A plaintiff asserting a claim of employment discrimination must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Besser v. Texas Gen. Land Office*, No. 18-50291, 2020 WL 6476707, at *3 (5th Cir. Nov. 3, 2020); *Chhim v. Univ. of Texas at Austin*,

836 F.3d 467, 470 (5th Cir. 2016). At the motion to dismiss stage, the Court examines whether the plaintiff has pleaded facts that could show the following elements of a disparate treatment claim: "(1) an adverse employment action, (2) taken against a plaintiff because of [his] protected status." *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (internal quotation marks omitted).

To plausibly allege an "adverse employment action" to satisfy the first element, a plaintiff must show discrimination "with respect to hiring, firing, compensation, or the 'terms, conditions, or privileges of employment[.]'" *Hamilton v. Dallas Cnty.*, No. 21-10133, 2023 WL 5316716, at *8 (5th Cir. 2023) (en banc). Only one of the facts alleged in Casillas' amended complaint constitutes an "adverse employment action" recognized by the law—his termination from federal employment. Casillas' other allegations regarding offensive remarks about his age and a disability affecting his hands, throwing away medical reports, and hostility towards him related to his reporting of improper patient care do not rise to the level of an adverse employment action. Title VII is not "a general civility code for the American workplace" and "accordingly does not permit liability for de minimis workplace trifles." *Hamilton* at *7. (internal quotation marks and citations omitted). Moreover, Casillas fails to allege sufficiently "extreme" conduct to "amount to a change in the terms and conditions of employment" giving rise to a hostile work environment theory of recovery. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Under the second element, to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must show adverse employment action was "taken against a plaintiff *because of* [his] protected status." *Cicalese*, 924 F.3d at 767. To meet his pleading burden, the plaintiff must allege "facts, direct or circumstantial, that would suggest [Defendant's] actions were based on [Plaintiff's membership in a protected class] or that [Defendant] treated similarly situated employees [who

were not in the protected class] more favorably." *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). Here, Casillas simply fails to allege facts showing his termination from federal employment was based on his age or disability. He alleges coworkers made comments about him being close to retirement age and made fun of him for a disability affecting his hands; however, he does not connect those comments to his termination. *See Reed v. Neopost USA, Inc.*, 701 F.3d 434, 441 (5th Cir. 2012). Furthermore, he alleges no facts showing similarly situated employees who were younger or did not have disabilities were treated more favorably than him. *See Chhim*, 836 F.3d at 471. The Court, therefore, finds Casillas failed to allege sufficient facts to meet his pleading burden under Rule 12(b)(6) and his complaint should be also dismissed for failing to state a claim.

### III.    MSPB Decision

Casillas seeks judicial review of the MSPB opinion upholding his removal from federal employment. Pursuant to 5 U.S.C. § 7703, courts apply a "deferential, APA-style standard of review" to their review of MSPB opinions, under which courts "will uphold the [MSPB's] determinations unless they are clearly arbitrary and capricious, unsupported by substantial evidence or otherwise not in accordance with law.'" *Williams v. Wynne*, 533 F.3d 360, 373 (5th Cir. 2008). "'The petitioner bears the burden of establishing error in the Board's decision.'" *Haskins v. Nicholson*, 900 F. Supp. 2d 712, 720 (S.D. Miss. 2012) (quoting *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed. Cir. 1998)), *aff'd at Haskins v. Nicholson*, 548 F. App'x 960 (5th Cir. 2013).

The MSPB upheld the VA's decision to remove Casillas from federal employment based on his failure to comply with departmental procedures. Specifically, the MSPB found the VA was justified in terminating Casillas' employment for repeatedly using his cell phone while

assigned to maintain line-of-sight monitoring of two patients who were being monitored because of their suicidal ideation—one of whom attempted suicide while under Casillas' supervision. *See* Exh. A of ECF No. 26. The MSPB found the VA's decision was warranted because Casillas acknowledged his cell phone records reflect he spent more than 13 minutes making phone calls before the end of his shift and the nursing assistant who relieved Casillas discovered the patient in the midst of a suicide attempt minutes after taking over from Casillas. *Id*. The MSPB rejected Casillas' arguments that he was able to fulfill his responsibilities while using his cell phone and that other employees similarly used their cell phones, finding his actions were a clear violation of VA policy. *Id*. The MSPB further rejected Casillas' whistleblower retaliation affirmative defense, finding agency officials credibly testified that Casillas' disclosures about his colleagues' wrongdoing "had no bearing" on their decision to terminate his employment. *Id*. Finally, MSPB found Casillas' removal was reasonable given his admitted misconduct, the credibility of agency officials testifying about the severity of the offense, the specificity of agency policy on cell phone use, and prior disciplinary action against Casillas for similar misconduct. *Id*.

The Government correctly notes Casillas did not explain his legal or factual basis for challenging the MSPB decision in his complaint, amended complaint, or petition for review. In his response to the Government's motion to dismiss, Casillas argues the MSPB's decision should be set aside because he was not permitted to assert, during the MSPB proceeding, the discrimination claims he was pursuing through the EEO process. *See* ECF No. 30 at 6–8. Casillas' argument with respect to his discrimination claims has no bearing on whether the MSPB's decision was erroneous. Furthermore, Casillas was not entitled to raise his discrimination claims before the MSPB because he elected to pursue them through the EEO process. *Jones v. U.S. Dep't of Just.*, 111 F. Supp. 3d 25, 31 (D.D.C. 2015), *aff'd sub nom. Jones*

*v. United States Dep't of Just.*, No. 15-5246, 2017 WL 3895064 (D.C. Cir. July 14, 2017) (citing

29 C.F.R. § 1614.302(b)). For this reason, Casillas' argument regarding his discrimination claims

is unavailing. Casillas, therefore, fails to carry his burden to establish error in the MSPB's

decision.

Because the Court finds Casillas has failed to show the MSPB's decision was clearly

arbitrary and capricious, unsupported by substantial evidence, or otherwise not in accordance

with the law, the Court affirms the MSPB's order upholding the VA's decision to terminate

Casillas' federal employment. The Court dismisses this action with prejudice because it finds

Casillas alleged his best case. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

### CONCLUSION

The Court finds Casillas failed to exhaust administrative remedies and failed to allege

sufficient facts to state a viable claim. The Court further finds the Merit Systems Protection

Board (MSPB) decision should be affirmed. The Court, therefore, **GRANTS** the Government's

motion to dismiss, **AFFIRMS** the MSPB decision upholding the VA's decision to terminate

Casillas' employment, and **DISMISSES** this case pursuant to Rule 12(b)(6). *See* ECF No. 26.

The Court also **DISMISSES** the consolidated case *Casillas v. Department of Veterans Affairs*,

SA-23-CV-00653-JKP. The Court will enter final judgment in both cases by separate order.

It is so ORDERED.
SIGNED this 22nd day of February, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE